# Supreme Court of Texas

No. 24-1062

In re Dr. Robert Tafel, et al.,

*Relators*

On Petition for Writ of Mandamus

JUSTICE BUSBY, concurring.

The Court holds that these *qui tam* claims belong to the State, so they survive the death of the private relator who brought them. As our opinion explains, there is no controversy among the parties to this case regarding the executor's capacity to proceed with these claims and seek a share of any proceeds for the relator's estate.

To the contrary, Bear Creek admits in its brief that the executor has that authority: if the "*qui tam* action qualifies as a suit by the State"—and the "claims thus survived [the relator's] death—then the Executrix may continue to litigate the claims" against Bear Creek.[1] And

---

[1] A concurring opinion contends that this unequivocal statement is not a waiver or admission and develops a potential argument to the contrary regarding capacity. *Post* at 8 n.25 (Bland, J., concurring). The parties have not addressed whether Bear Creek may later change its position regarding the executor's capacity—which informed the scope of today's decision—should it seek to do so. Accordingly, I express no view on that question.

the State agrees that the executor can "proceed" with these claims brought "for" and "in the name of the [relator] *and* of the state." TEX. HUM. RES. CODE §§ 36.101(a) (emphasis added), 36.104(b). As it explains, "both the State of Texas and Lauren Ludlow, the independent executrix of Dr. Ludlow's estate, have an interest in the survival and resolution" of these claims. Not only do the claims stand to benefit the relator's estate financially, they help to "ensure that health care providers are held accountable for unlawful acts and to protect the integrity of the Texas Medicaid program."

This agreement is unsurprising given our rules. Texas Rule of Civil Procedure 150 provides that where, as here, "the cause of action is one which survives," the death of a plaintiff does not abate a pending suit, which "may proceed to judgment" by following certain procedures. TEX. R. CIV. P. 150. Specifically, the executor "may appear and upon suggestion of such death being entered of record in open court, may be made plaintiff, and the suit shall proceed in his or their name." *Id.* R. 151. That is precisely what happened in this case: the trial court granted the executor's unopposed motion to be substituted in place of Dr. Ludlow—not the State—based on her statutory right to possession of his estate. *See* TEX. EST. CODE § 101.003; *Austin Nursing Ctr. v. Lovato*, 171 S.W.3d 845, 851 (Tex. 2005) ("Lovato acquired the capacity to sue as the estate's personal representative when she was appointed administrator") (emphasis omitted). Thus, the claims are now proceeding "for" and "in the name of" the executor (as personal representative of relator's estate) as well as the State, and they remain

2

subject to the State's control. No intervention occurred. *Cf.* TEX. R. CIV. P. 60.

A concurring opinion questions whether substituting an executor in such circumstances would effect an impermissible "transfer, devise, or assign[ment of] the State's claims." *Post* at 1 (Bland, J., concurring). Because that unraised issue is likely to arise in future cases, I concur to offer some additional considerations that may assist parties and courts in addressing it.

Under the Act, any transfer or assignment of an interest in the State's claims occurred when Dr. Ludlow—the "person . . . bring[ing] [the] civil action"—filed this *qui tam* suit "*for*" and "in the name of *the person* and of the State." TEX. HUM. RES. CODE § 36.101(a) (emphases added). Interpreting the federal *qui tam* statute, the Supreme Court of the United States has characterized this occurrence as "a partial assignment of the Government's damages claim" rather than a mere designation of agency, as the statute "gives the relator himself an interest *in the lawsuit*, and not merely the right to retain a fee out of the recovery." *Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 772-73 (2000).[2]

---

[2] Federal courts overwhelmingly hold that the relator's interest in the government's claim—together with the ability to continue the suit—survives to the relator's heirs. *E.g.*, *United States ex rel. Kennard v. Comstock Res., Inc.*, No. 9:98-CV-266-TH, 2009 WL 10709091, at *2-5 (E.D. Tex. Feb. 20, 2009) (collecting cases). But it seems doubtful that survivability is the correct conceptual framework for analyzing whether a partial interest in a claim or other asset lawfully acquired by assignment passes to the assignee's heirs. For example, a person's assigned interest in a debt obligation could surely be collected by her executor after she dies.

3

Another concurrence highlights the question whether our Act similarly assigns an interest in the State's claim to the relator, only makes the relator the State's agent, does both, or creates some other relationship between the parties. *Post* at 2 (Young & Sullivan, JJ., concurring). But the answer to that question, while consequential in its own right, seems unlikely to matter much to the capacity analysis.

Upon filing this action for himself and the State, Dr. Ludlow acquired the rights to continue as a party if the State proceeds with the action, proceed with the action himself if it does not, share in the proceeds of the action, and recover the fees, costs, and expenses he incurred in bringing the action. *See* TEX. HUM. RES. CODE §§ 36.104(b), 36.107(a), 36.110. Importantly, because the State declined to proceed with the action in the time allotted, a court cannot "limit[]" this "*status and right*" of the relator. *Id.* § 36.104(b-1) (emphasis added).

When Dr. Ludlow later died, nothing further was transferred or assigned away from the State. Instead, the person representing Dr. Ludlow's estate succeeded automatically to the status and rights Dr. Ludlow previously acquired as relator. *See* TEX. EST. CODE §§ 101.001, 101.003, 351.054(a), 351.151; TEX. R. CIV. P. 150-151.[3] Under our cases, this succession appears sufficient to give the executor capacity to proceed with the action on behalf of the relator plaintiff's estate. *Austin*

---

[3] As one concurrence points out, it seems unlikely that Dr. Ludlow's executor or heirs could transfer or assign these rights given the statute's prohibition on intervention. *See* TEX. HUM. RES. CODE § 36.106; *post* at 6 (Bland, J., concurring).

*Nursing Ctr.*, 171 S.W.3d at 851.[4]  In addition, the State as real party in interest (and putative principal) has expressed its view that the executor should continue to "take point in prosecuting" the action "on the State's behalf."  Doing so is fully consistent with the statute: it neither alters the State's continuing position as a nominal plaintiff and owner of the claims—albeit one that has not taken over the right to proceed with the action or sought to participate—nor diminishes the control the State had over the action before Dr. Ludlow's death.  *E.g.*, TEX. HUM. RES. CODE §§ 36.101(a), 36.102(e), 36.104(b-1).

J. Brett Busby
Justice

**OPINION FILED:** June 19, 2026

---

[4] Because the parties do not address the capacity question raised by the concurrence, we have received no argument regarding whether and to what extent the probate court might have a role to play in deciding any of the matters relating to that question.